UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | 3:05-CV-1416-D |
| v. | : | |
| **GREGORY A. BRADY, WILLIAM M. BEECHER, and REAGAN L. LANCASTER,** | : | |
| Defendants. | : | |

**AGREED FINAL JUDGMENT AS TO DEFENDANT GREGORY A. BRADY**

The Securities and Exchange Commission having filed a Complaint and Defendant Gregory A. Brady having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS THEREFORE ORDERED that Brady and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality

of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances  under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED that Brady and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED that Brady and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 13b2-2], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, by:

(a) falsifying any book, record or account or knowingly circumventing an issuer's system of internal controls; or

(b) making or causing to be made a materially false or misleading statement, or omitting or causing to be omitted a statement of a material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading to an accountant in connection with a required audit or the preparation or filing of a required document or report with the Commission.

IV.

IT IS FURTHER ORDERED that Brady and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-13 and 12b-20 [17 C.F.R. §§ 240.13a-1, 240.12a-13 and 240.12b-20] by knowingly and substantially assisting an issuer's failure to file timely with the Commission all accurate and complete information, documents and

reports required by the rules and regulations prescribed by the Commission.

V.

IT IS FURTHER ORDERED that Brady and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), (b)(2)(A) and (b)(2)(B)] by an issuer that:

    (a)    fails to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (b)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

        (1)    transactions are executed in accordance with management's general or specific authorization;

        (2)    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

        (3)    access to assets is permitted only in accordance with management's general or specific authorization; and

(4)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Brady is prohibited for five years following the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

IT IS FURTHER ORDERED that Brady is liable for disgorgement of $5,529,362, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $2,270,982, and a civil penalty in the amount of $500,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78uA]. Brady shall satisfy this obligation by paying $8,300,344 within ten business days to the Clerk of this Court, together with a cover letter identifying Brady as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Brady shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Brady relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Brady. Brady shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Brady shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Brady's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Brady's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Brady shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Brady by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED that the Consent is incorporated by reference in this Final Judgment and that Brady shall comply with all of the undertakings and agreements set forth in the Consent.

## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter to enforce the terms of this Final Judgment.

February 15, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

AGREED:

_____
Toby M. Galloway
Texas Bar No. 00790733
SECURITIES and EXCHANGE COMMISSION
801 Cherry St., 19th Floor
Fort Worth, Texas 76102
Office:  (817) 978-6447
Fax:     (817) 978-4927
Counsel for Plaintiff

---
Edward S. Koppman
State Bar No. 11681000
AKIN GUMP STRAUSS HAUER 7& FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:	(214) 969-2800
Facsimile:	(214) 969-4343
Counsel for Defendant Brady